ENTERED

AUG 1 1 2010

IN REGISTER BY LR

✳ FILED

10 AUG 11 AM 10: 53

CIRCUIT COURT
FOR MULTNOMAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

|  |  |
|---|---|
| THOMAS GLENN; and PATSY McKINNEY, | **11737** |
| Plaintiffs, | Case No. 1008-11737 |
| v. | COMPLAINT<br>(Negligence; Battery – Excessive Force;<br>False Arrest; False Imprisonment;<br>Trespass – Unlawful Entry) |
| CITY OF PORTLAND, a public body, | PRAYER: $150,000 - $499,000 |
| Defendant. | (CLAIM NOT SUBJECT TO<br>MANDATORY ARBITRATION)<br><br>JURY TRIAL DEMANDED |

Plaintiffs allege as follows:

1.

At all material times, defendant City of Portland was a municipality and public body located in Multnomah County, Oregon. At all material times, the Portland Police Bureau was a law enforcement agency operated by defendant City of Portland. At all material times, Douglas Matthews, Freddie Jackson and Kelly Van Blokland were police officers acting within the course and scope of their employment for the Portland Police Bureau and the City of Portland.

2.

At all material times, plaintiffs Thomas Glenn and Patsy McKinney were residents of a residential house located at 4704 NE 6th Ave., Portland, Oregon.

Page 1 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

3.

On August 12, 2008, at or around 9:00 a.m., the Bureau of Emergency Communication in Portland received a 911 call from a female caller who identified herself as "Raya." The caller reported she was walking past the address of 4704 NE 6th Ave., Portland, Oregon and heard: "slamming and a female screaming." The 911 operator did not request any additional information from the caller about what she heard or observed, the caller's last name, her address or any other information except for a cellular phone number. Portland Police were then called by dispatch to respond to the location. At no point did the responding police officers speak to the anonymous caller named "Raya" or obtain additional information before responding to the address.

4.

Portland Police Officers Douglas Matthews and Freddie Jackson, who were the first to respond, began knocking on the front door of plaintiffs' home. Thomas Glenn, the homeowner and resident, came to the door and spoke to the officers through a window. The officers demanded entry so they could search Mr. Glenn's house. Mr. Glenn did not consent to the entry. The officers did not have a search warrant. Within a few minutes, Mr. Glenn's girlfriend, plaintiff Patsy McKinney, who also lived in the home, came to the door after officers demanded. In response to questions, Ms. McKinney told the officers she was fine and nobody was hurt or needed assistance. The officers continued to demand entry into the home and threatened to break down the door. Under the threat of force, Ms. McKinney opened the front door. Officers Matthews, Jackson and other officers, who had responded, then entered plaintiffs' home and searched the first floor. The officers found no injured persons or evidence of a crime.

Page 2 -    COMPLAINT

5.

After completing their search of the first floor, Officer Matthews stated he was going to search the second floor. Mr. Glenn, who was standing in the stairway to the second floor, complained about the search to the officers. Officer Matthews immediately grabbed Mr. Glenn with both hands and threw him from the steps onto the ground floor below, drove his knees into Mr. Glenn's back and handcuffed him. Mr. Glenn's right foot was seriously injured during the violent takedown where he suffered a right mid-foot dislocation with deep peroneal nerve traction injury. At no point had Mr. Glenn touched or posed a threat to Officer Matthews, which would justify the use of force.

6.

Ms. McKinney verbally protested Officer Matthews' use of force on Mr. Glenn. Then, suddenly and without warning, Officer Van Blokland, who has also responded and entered the home, inappropriately used force on Ms. McKinney, when he slammed her against the wall and handcuffed her, causing injuries to her finger, chest wall and back. The officers completed their search of the house, including the second floor, and found no evidence that a crime had been committed or that anyone was in need of emergency assistance. The officers then arrested Mr. Glenn and took him to the NE Precinct in his underwear, bathrobe and house slippers.

7.

Mr. Glenn was cited and charged with interfering with a peace officer – ORS 162.247 and obstructing governmental administration – ORS 162.235 because he did not consent to the warrantless search of his house by Portland Police officers. Mr. Glen pled "Not Guilty" and went to trial on November 17, 2008. Mr. Glenn was acquitted of all charges in

Page 3 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

1    Multnomah County Circuit Court, Case No. 0808-50599.  The court ruled that the officers'

2    search of Mr. Glenn's home was warrantless, was without consent and unconstitutional.

3                                           8.

4        Plaintiffs provided official tort claims notice to the City of Portland less than 180

5    days after the subject incident.

6        For his FIRST CLAIM FOR RELIEF against defendant City of Portland, plaintiff

7    Thomas Glenn alleges as follows:

8                                   **NEGLIGENCE**

9                                           9.

10       Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

11                                         10.

12       The occurrence of this event was a result of the negligence of defendant City of

13   Portland in the following particulars:

14       a.  Failing to administer timely and appropriate Portland Police Bureau officer
             training with respect to warrantless searches and justification for use of force;

15       b.  Allowing Portland Police Bureau officers to perform warrantless home searches
             without probable cause and consent of the homes residents;

16       c.  Failing to adequately assess and ensure that Portland Police Bureau officers
             maintain sufficient competency to perform their duties.

17                                         11.

18       The City of Portland, through the actions and omissions of officers Matthews,

19   Jackson and the other responding officers of the Portland Police Bureau, was negligent in one

20   or more of the following particulars:

21       a.  By unlawfully entering plaintiffs' home without a search warrant, plaintiffs'
             consent, or exigent circumstances;

Page 4 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

b. By throwing plaintiff Thomas Glenn from stair steps onto the ground floor without justification;

c. By using excessive force on plaintiff Thomas Glenn;

d. By failing to leave the premises after officers determined the occupants were safe;

e. By refusing to leave the premises when directed by plaintiff Thomas Glenn; and

f. By arresting and imprisoning Thomas Glenn without probable cause.

12.

As a result of the negligence of the defendant, and as a substantial factor and legal cause thereof, plaintiff Thomas Glenn suffered the following injuries:

a. Right foot dislocation of the first, second and third tarsometatarsal joints;

b. Intercuneiform instability in the right foot;

c. Deep peroneal nerve traction injury in the right foot;

d. Sprained right foot; and

e. Right elbow contusion.

13.

Plaintiff's injuries have caused him to suffer the following symptoms and conditions:

a. Right foot pain and swelling;

b. Decreased right foot range of motion, mobility and traction neuritis;

c. Right foot stiffness;

d. Right elbow pain and bruising;

e. Headaches;

f. Insomnia; and

g. Increased risk of susceptibility to right foot joint arthritis.

///

Page 5 -   COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

14.

As a result of said personal injuries, Thomas Glenn has incurred approximately $67,240.48 in medical expenses and will incur future medical expenses, will need future medical treatment and will incur future care costs in an amount to be determined at trial.

15.

The injuries sustained by plaintiff are permanent. Plaintiff's injuries have been painful and will continue to be painful in the future. They have interfered with and will continue to interfere with his normal and usual activities. For the above injuries, the plaintiff should be awarded non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000.00.

16.

As a result of the injuries he sustained, the plaintiff has lost past wages of approximately $40,320, the exact amount to be determined at trial. Plaintiff continues to lose wages of approximately $480 per week, and plaintiff will incur damages for future impaired earning capacity, the exact amount to be determined at trial.

For his SECOND CLAIM FOR RELIEF against defendant City of Portland, plaintiff Thomas Glenn alleges as follows:

**BATTERY**

**(Excessive Force)**

17.

Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

///

///

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

18.

Defendant City of Portland, through the actions of officer Matthews, intended to cause and did cause offensive contact with Thomas Glenn and used excessive force by grabbing him, throwing him from stairs to the ground below, driving knees into his back, and handcuffing him.

19.

Officer Matthews' conduct was intentional, nonconsensual, offensive, harmful, insulting and not justified.

20.

As a result of Officer Matthews' battery and excessive force, Thomas Glenn suffered personal injury consisting of the injuries alleged in paragraph 12(a)-(e).

21.

Plaintiff re-alleges paragraphs 13-16.

For his THIRD CLAIM FOR RELIEF against defendant City of Portland, plaintiff Thomas Glenn alleges as follows:

**FALSE ARREST**

**Count I**

22.

Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

23.

Defendant City of Portland, through the conduct of the Portland Police Bureau officers, intended to confine and did confine Thomas Glenn by arresting him for interfering with a peace officer and obstructing governmental administration and transporting him to the

Page 7 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

1  NE Portland precinct jail.

2                                    24.

3      Mr. Glenn was made aware of his confinement when he was physically taken to the

4  ground by officer Matthews, placed in handcuffs, and told by officers he was under arrest.

5

6                                    25.

7      The arrest and confinement of Mr. Glenn was unlawful because the officers did not

8  have a factual basis to establish a probable cause to enter into Mr. Glenn's house and

9  thereafter to arrest Mr. Glenn.

10                                   26.

11     As a result of the Portland Police Bureau officers' false arrest of Mr. Glenn, Thomas

12 Glenn suffered personal injury consisting of the injuries alleged in paragraph 12(a)-(e).

13                                   27.

14

15     Plaintiff re-alleges paragraphs 13-16.

16                        **FALSE IMPRISONMENT**

17                             **COUNT II**

18                                   28.

19     Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

20                                   29.

21     Defendant City of Portland, through the conduct of the Portland Police Bureau

22 officers, continued to confine and did confine Thomas Glenn by further detaining him at the

23 NE Portland precinct jail for interfering with a peace officer and obstructing governmental

24 administration.

25

26 ///

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

30.

Mr. Glenn was made aware of his continued confinement when Portland Police Bureau officers refused to release him and issued him a citation for interfering with a peace officer and obstructing governmental administration.

31.

The confinement of Mr. Glenn was unlawful because the officers did not have a factual basis to form probable cause and detain Mr. Glenn.

32.

As a result of the Portland Police Bureau officers' false imprisonment of Mr. Glenn, Thomas Glenn suffered stress, humiliation, anxiety, physical pain, embarrassment inconvenience and loss of enjoyment of life. For the above injuries, the plaintiff should be awarded non-economic damages in an amount which a jury decides is fair, but not to exceed $100,000.00.

For his FOURTH CLAIM FOR RELIEF against defendant City of Portland, plaintiff Thomas Glenn alleges as follows:

**TRESPASS**

**(Unlawful Entry)**

33.

Plaintiff re-allege paragraphs 1-8 as if full set forth herein.

34.

The defendant's intrusion, through the conduct of the Portland Police Bureau officers, onto plaintiff Thomas Glenn's property and into his home was not authorized by plaintiff, was without a search warrant and probable cause, was intentional, and invaded and denied

Page 9 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

plaintiff's interest in the exclusive possession of his property.  Defendant's entry onto plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in paragraphs 14 and 16.

35.

Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to his non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000.

For her FIRST CLAIM FOR RELIEF against defendant City of Portland, plaintiff Patsy McKinney alleges as follows:

**NEGLIGENCE**

36.

Plaintiff Patsy McKinney re-alleges paragraphs 1-8 as if fully set forth herein.

37.

The occurrence of this event was a result of the negligence of defendant City of Portland in the following particulars:

   a.  Failing to administer timely and appropriate Portland Police Bureau officer training with respect to warrantless searches and justification for use of force;

   b.  Allowing Portland Police Bureau officers to perform warrantless home searches without probable cause and consent of the homes residents;

   c.  Failing to adequately assess and ensure that Portland Police Bureau officers maintain sufficient competency to perform their duties.

38.

The City of Portland, through the actions and omissions of officers Matthews, Jackson, Van Blokland and the other responding officers of the Portland Police Bureau, was negligent in one or more of the following particulars:

Page 10 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

a.  By unlawfully entering plaintiffs' home without a search warrant, plaintiffs' consent, or exigent circumstances;

b.  By slamming plaintiff Patsy McKinney against a wall without justification;

c.  By using excessive force on plaintiff Patsy McKinney;

d.  By failing to leave the premises after officers determined the occupants were safe;

e.  By refusing to leave the premises when directed by plaintiff Thomas Glenn; and

f.  By arresting Patsy McKinney without probable cause.

39.

As a result of the negligence of the defendant, and as a substantial factor and legal cause thereof, plaintiff Patsy McKinney suffered the following injuries:

a.  Acute cervical strain;

b.  Left side hematoma of the scalp;

c.  Chest wall strain and contusion; and

d.  Sprained right middle finger.

40.

Plaintiff's injuries have caused her to suffer the following symptoms and conditions:

a.  Neck & head pain;

b.  Chest pain;

c.  Pain in the right middle finger

d.  Decreased range of motion and mobility in the right middle finger; and

e.  Headaches.

41.

As a result of said personal injuries, Patsy McKinney has incurred approximately $418.16 in medical expenses.

Page 11 -    COMPLAINT

42.

Plaintiff's injuries have been painful and they have interfered with her normal and usual activities. For the above injuries, the plaintiff should be awarded non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000.00.

For her SECOND CLAIM FOR RELIEF against defendant City of Portland, plaintiff Patsy McKinney alleges as follows:

### BATTERY

### (Excessive Force)

43.

Plaintiff Patsy McKinney re-alleges paragraphs 1-8 as if fully set forth herein.

44.

Defendant City of Portland, through the actions of Officer Van Blokland, intended to cause and did cause offensive contact with Patsy McKinney and used excessive force by grabbing her, slamming her chest and face against a wall, and handcuffing her.

45.

Officer Van Blokland's conduct was intentional, nonconsensual, offensive, harmful, insulting and not justified.

46.

As a result of Officer Van Blokland's battery and excessive force, Patsy McKinney suffered personal injury consisting of the injuries alleged in paragraph 39(a)-(d).

47.

Plaintiff re-alleges paragraphs 40-42.

///

Page 12 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

For her THIRD CLAIM FOR RELIEF against defendant City of Portland, plaintiff Patsy McKinney alleges as follows:

### FALSE ARREST

48.

Plaintiff Patsy McKinney re-alleges paragraphs 1-8 as if fully set forth herein.

49.

Defendant City of Portland, through the conduct of the Portland Police Bureau officers, intended to confine and did confine Patsy McKinney by physically restraining and handcuffing her in her home.

50.

Ms. McKinney was made aware of her confinement when she was physically pushed into a wall by Officer Van Blokland and placed in handcuffs.

51.

The arrest and confinement of Ms. McKinney was unlawful because the officers did not have a factual basis to establish a probable cause to enter into Ms. McKinney's house and thereafter to arrest Ms. McKinney.

52.

As a result of the Portland Police Bureau officers' false arrest of Ms. McKinney, Patsy McKinney suffered personal injury consisting of the injuries alleged in paragraph 39(a)-(d).

53.

Plaintiff re-alleges paragraphs 40-42.

///

Page 13 -    COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

For her FOURTH CLAIM FOR RELIEF against defendant City of Portland, plaintiff Patsy McKinney alleges as follows:

**TRESPASS**

**(Unlawful Entry)**

54.

Plaintiff re-allege paragraphs 1-8 as if full set forth herein.

55.

The defendant's intrusion, through the conduct of the Portland Police Bureau officers, onto plaintiff Patsy McKinney's property and into her home was not authorized by plaintiff, was without a search warrant and probable cause, was intentional, and invaded and denied plaintiff's interest in the exclusive possession of her property. Defendant's entry onto plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in paragraph 41.

56.

Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to her non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000.

///

///

///

///

///

///

Page 14 -    COMPLAINT

WHEREFORE, plaintiff Thomas Glenn prays for a judgment in his favor for non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000, $67,240.48  in past medical expenses, approximately $40,320 in lost income, the exact amount to be determined at trial, and future medical expenses and future impaired earning capacity in an amount to be determined at trial, plus plaintiff's costs and disbursements incurred herein.

WHEREFORE, plaintiff Patsy McKinney prays for a judgment in her favor for non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000, $418.16  in past medical expenses, plus plaintiff's costs and disbursements incurred herein.

DATED this  11  day of  August , 2010.


Michael L. Rosenbaum, OSB No. 76026
Travis J. Mayor, OSB No. 053210
Of Attorneys for Plaintiffs Thomas Glenn and Patsy McKinney

Trial Attorney:  Michael L. Rosenbaum, OSB 76026

Page 15 -   COMPLAINT

In the Circuit Court of the State of Oregon
For the County of Multnomah

THOMAS GLENN; and PATSY McKINNEY,          )
                                           )       Case No. 1008-11737
                            Plaintiffs,    )
                                           )       SUMMONS
        v.                                 )
                                           )
CITY OF PORTLAND, a public body,           )
                                           )
                            Defendant.     )
                                           )
                                           )
                                           )
                                           )
                                           )
                                           )

To:     Defendant City of Portland, by and through its attorney Linda Meng, Office of the City Attorney, 1221
        SW 4th Ave., Room 430, Portland, OR 97204

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within
thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want
thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**
You must "appear" in this case or the other side will win automatically. To "appear," must file with the court a
legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or
administrator within 30 days along with the required filing fee. It must be in proper form and have proof of
service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help finding an attorney, you
may call the Oregon State Bar Lawyer Referral Service at 503-684-3763 or toll free in Oregon at 800-452-7636.

                TRAVIS J. MAYOR, OSB #053210

STATE OF OREGON    )
                   ) ss.
County of Multnomah )

I, the undersigned attorney of record for the plaintiff(s), certify that the foregoing is an exact and complete copy
of the original summons in the above-entitled action.

                TRAVIS J. MAYOR, OSB #053210

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to
serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the
**PAGE 1 - SUMMONS**

individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

TRAVIS J. MAYOR, OSB #053210

Post office address at which papers in the above-entitled action may be served by mail:

Travis J. Mayor, OSB #053210
1826 NE Broadway
Portland, OR 97232-1430
Telephone: (503) 288-8000

**CIRCUIT COURT OF THE STATE OF OREGON FOR MULTNOMAH COUNTY**    ~~FILED~~ *AUG 13 AM 10: 38 FOR CIRCUIT COURT MULTNOMAH COU...*

| | |
|---|---|
| THOMAS GLENN; and PATSY McKINNEY<br>Plaintiff / Petitioner | Cause #:   1008-11737 |
| | Declaration of Mailing of:<br>Summons and Complaint |
| vs.<br>CITY OF PORTLAND, a public body<br>Defendant / Respondent | |

The undersigned hereby declares: that I, Teresa L. Dean, am a legal resident of the United States of America and am employed in the city of Portland, in the state of OR.

That I am over the age of twenty-one, and not party to, nor interested in the within entitled action.  My business address is 314 SW 4th Ave.  Portland, OR 97204.

That on 08/12/2010, after substituted service was made on Aug 12 2010  8:48AM, I completed service by depositing a true copy of the Summons and Complaint, marked with confirmation of date, time, and place of substituted service in a first class postage paid envelope addressed to 1221 SW 4TH AVE ROOM 430 PORTLAND, OR 97204, at a US Post Office.

That I addressed the envelope as follows:

> CITY OF PORTLAND c/o LINDA MENG, CITY ATTORNEY
> 1221 SW 4TH AVE
> ROOM 430
> PORTLAND OR 97204

*ENTERED AUG 1 6 2010 IN REGISTER*

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

I executed this declaration on August 12, 2010 at Portland, OR.

_____
Declarant   Teresa L. Dean

Tracking #: 6283589

IN THE
CIRCUIT COURT OF THE STATE OF OREGON FOR MULTNOMAH COUNTY

*2010 AUG 13 AM 10: 3* FILED *FOR CIRCUIT COURT MULTNOMAH COUNTY*

| | |
|---|---|
| THOMAS GLENN; and PATSY McKINNEY | Hearing Date: |
| Plaintiff/Petitioner | CAUSE NO:<br>**1008-11737** |
| vs. | AFFIDAVIT OF SERVICE OF:<br>**Summons and Complaint** |
| **CITY OF PORTLAND, a public body** | |
| Defendant/Respondent | |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a resident of the state of service, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **12th day of August, 2010**, at **8:48 AM**, at the address of **1221 SW 4TH Avenue ROOM 430, PORTLAND**, Multnomah(P) County, **OR 97204**; this affiant served the above described documents upon **CITY OF PORTLAND c/o LINDA MENG, CITY ATTORNEY**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Dion Connelly, Receptionist, A white female approx. 21-25 years of age 5'6"-5'8" in height with brown hair**.

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

DATED this **12th** day of **August, 2010**.

_____
**Scott Shafer, OR**

SUBSCRIBED AND SWORN to before me this **12th** day of **August, 2010**

_____
NOTARY PUBLIC in and for the State of **Oregon**
Residing at: _____
My Commission Expires: _____

FOR: **Rosenbaum Micheal L**
REF: **2962**

ORIGINAL PROOF OF
SERVICE

Service Fee Total: **$60.00**
ENTERED
AUG 1 6 2010
IN REGISTER AM

Tracking #: **6283589** PDX FIL

OFFICIAL SEAL
**BRIAN L IVY**
NOTARY PUBLIC – OREGON
COMMISSION NO. 446218
MY COMMISSION EXPIRES MAY 18, 2014

FILE
2010 SEP -9 AM 11: 23
FOR CIRCUIT COURT
HULTNOHAH COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

THOMAS GLENN; and PATSY
McKINNEY,                                          )    Case No. 1008-11737
                                                   )
                          Plaintiffs,              )
                                                   )    PLAINTIFFS' NOTICE OF INTENT
         v.                                        )    TO APPLY FOR AN ORDER OF
                                                   )    DEFAULT AGAINST DEFENDANT
CITY OF PORTLAND, a public body,                   )
                                                   )
                          Defendant.               )

**To:    Defendant City of Portland, by and through its attorney, William Manlove, City
         Attorney's Office, 1221 SW 4th Ave., Suite 430, Portland, Oregon 97204.**

         Pursuant to ORCP 69, plaintiffs intend to apply for an order of default against

defendant City of Portland on September 22, 2010 if defendant City of Portland has not filed

a responsive pleading to the Complaint in this matter before that date.

         DATED this 8th day of September, 2010.

ENTERED

SEP 15 2010

IN REGISTER BY SL

_____
Travis J. Mayor, OSB No. 053210
Michael L. Rosenbaum, OSB No. 76026
Of Attorneys for Plaintiffs Thomas Glenn and
Patsy McKinney

Page 1 -    PLAINTIFFS' NOTICE OF INTENT TO
            APPLY FOR ORDER OF DEFAULT
            AGAINST DEFENDANT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

**CERTIFICATE OF SERVICE**

I hereby certify that I served, on the date set forth below, the foregoing PLAINTIFFS' NOTICE

OF INTENT TO APPLY FOR AN ORDER OF DEFAULT AGAINST DEFENDANT via the

following method on:

William Manlove III
City Attorney's Office
1221 SW 4th Ave., Suite 430
Portland, OR 97204

By First Class Mail.

DATED this 8th day of September, 2010.

_____
Travis J. Mayor

Page 1 – CERTIFICATE OF SERVICE

MICHAEL L. ROSENBAUM, OSB #76026
Attorney's at Law
1826 NE Broadway
Portland Oregon 97232
503-288-8000

ENTERED

SEP 2 3 2010

IN REGISTER KH

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

10 SEP 22 PM 2: 07

FILED

1

2

3

4

5   IN THE CIRCUIT COURT OF THE STATE OF OREGON

6   FOR THE COUNTY OF MULTNOMAH

7   **THOMAS GLENN and PATSY MCKINNEY,**                    Case No. **1008-11737**

8                        Plaintiffs,

9   v.                                           **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

10  **CITY OF PORTLAND**, a public body,

11                       Defendant.

12

13      Defendant City of Portland ("City") answers plaintiffs' Complaint as follows:

14                                      1.

15      City admits the allegations contained in paragraph 1 of the Complaint.

16                                      2.

17      City lacks information sufficient at this time to admit or deny the allegations

18  contained in paragraph 2 of the Complaint, and therefore deny those allegations.

19                                      3.

20      City admits that at approximately 9:01 a.m., the City's Bureau of Emergency

21  Communications ("BOEC") received a 911 from a female caller who identified herself as

22  "Raya." The caller reported she had "reason to believe" there was a domestic dispute at 4704

23  NE 6th Avenue. When asked by the 911 call taker to explain, the caller said that just

24  moments before she had walked by the residence at 4704 NE 6th Avenue, and had heard

25  slamming and a female screaming. City admits the 911 call taker did not ask the caller her

26  last name or her address, but the call taker took the caller's cell phone number and confirmed

Page 1 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  the correct area code.  The responding officers confirmed the address with the dispatcher

2  prior to approaching the reported location.  At one point, Officer Jackson tried to phoning the

3  caller but got no answer.

4          Otherwise, City denies the allegations contained in paragraph 3 of the Complaint.

5                                              4.

6          Officers Jackson and Mathews went up the front porch of the residence at 4704 NE

7  6th Avenue ("the residence".)  Officer Jackson knocked on the door at least four times before

8  getting an answer.  Plaintiff Glenn ("Glenn") yelled angrily to the officers to go away.

9  Officer Jackson explained to Glenn the circumstances of receiving the 911 call, and informed

10  Glenn the officers needed to come inside to make sure no person was hurt, injured or needed

11  assistance.  Glenn refused, screaming at the officers.  Officer Mathews explained that the

12  officers needed to see everyone before they could leave.  Glenn continued to yell that he was

13  not going to open the door.  Officer Mathews explained to Glenn four or five times that the

14  police would force the door open.  Officers Jackson and Mathews called a supervisor and an

15  additional cover officer.

16          Plaintiff McKinney ("McKinney") came to the front door.  Sgt. Montgomery

17  explained the circumstances of the officers' presence, and explained that they needed to

18  come inside to make sure no person was hurt, injured or needed assistance.  After hearing

19  this explanation, McKinney opened the front door and allowed the officers to enter the

20  residence.  The officers entered the residence to search for injured or hurt persons or persons

21  needing assistance.  The officers did not have a warrant.

22          The officers searched the first floor and did not find any injured or hurt person, or

23  anyone needing their assistance.

24          Otherwise, City denies the allegations contained in paragraph 4 of the Complaint.

25  ///

26  ///

Page 2 –  DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

5.

After the officers searched the first floor, they told Glenn they needed to check the upstairs of the residence.  Glenn and McKinney were standing at the base of the stairs leading to the upper floor, blocking the steps and preventing the officers from passing. Glenn stretched his arm across stairs and told the officers they were not going upstairs.

Officer Mathews took Glenn's right arm and placed it in a two handed minimum custody control hold.  As Mathews was escorting Glenn away from the stairs to the front porch, Glenn turned his body to the left, closed the distance with Officer Mathews and began to physically resist Mathews' efforts to get Glenn to the front porch.  Concerned for his safety, Mathews took Glenn to the floor of the residence in a controlled manner, using his forearm to protect Glenn's head from striking anything.

Officer Staul and Sgt. Passadore grabbed Glenn's arms and turned him over on to his stomach.  Officer Mathews then was able go handcuff Glenn.

Mathews asked Glenn if he was injured, and Glenn refused to answer.  Mathews asked Glenn if he wanted an ambulance, and Glenn said "No man."

Otherwise, City denies the allegations contained in paragraph 5 of the Complaint.

6.

When the officers entered and began their welfare check on the first floor of the residence, Officer Van Blokland had asked McKinney to come out onto the front porch. McKinney refused and Van Blokland initially allowed her to remain inside.  However, when McKinney blocked the stairs and refused to allow the officers to continue their welfare check on the second level, Van Blokland took a hold of McKinney's left arm and escorted her onto the front porch.  Van Blokland handcuffed McKinney and had her sit in a chair on the front porch.  Van Blokland again explained why the police were there, conducting their welfare check. After this explanation, McKinney said the explanation made sense and that she understood why the police were conducting a welfare check. City admits its officers arrested

Page 3 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  Glenn, who at the time was covered in his boxer underwear, a bathrobe, slippers, and taken to

2  NE Precinct. Prior to leaving the residence, McKinney gave the officers a pair of Glenn's

3  pants. At NE Precinct, officers assisted Glenn in putting on the pair of pants.

4       Otherwise, City denies the allegations contained in paragraph 6 of the Complaint.

5                 7.

6       City admits Glenn was charged with violating ORS 162.247 and ORS 162.235, and

7  that Glenn was tried and was acquitted. City lacks information sufficient at this time to

8  admit or deny the allegations regarding the particular rulings of the criminal court, and

9  therefore denies those allegations. Regardless, the rulings of the criminal court are irrelevant

10 to the current civil action.

11                8.

12      City admits plaintiffs provided timely tort claim notice.

13                9.

14      City incorporates its response contained in its Answer in paragraphs 1-8, above.

15             10-11.

16      City denies the allegations contained in paragraphs 10-11 of the Complaint.

17             12-13.

18      City lacks information sufficient at this time to admit or deny the allegations

19 regarding the nature or extent of Glenn's alleged physical injuries, if any, and therefore

20 denies the allegations contained in paragraphs 12-13 of the Complaint.

21             14-16.

22      City lacks information sufficient at this time regarding the amount, necessity or

23 reasonableness of any of Glenn's medical expenses or lost past wages, and therefore denies

24 those allegations contained in paragraphs 14 and 16 of the Complaint. City lacks information

25 sufficient at this time to admit or deny the allegations contained in paragraph 15 of the

26 Complaint concerning the permanency of plaintiff's alleged injuries, and therefore denies

Page 4 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  those allegations.  Regardless, City denies it is responsible for any damages to Glenn.

2                                                    17.

3          City incorporates its response contained in its Answer in paragraphs 1-8, above.

4                                                18-20.

5          City denies the allegations contained in paragraphs 18-20 of the Complaint.

6                                                    21.

7          City incorporates its response contained in its Answer in paragraphs 13-16, above.

8                                                    22.

9          City incorporates its response contained in its Answer in paragraphs 1-8, above.

10                                              23-24.

11         City admits the allegations contained in paragraphs 23 and 24of the Complaint.

12                                                   25.

13         City denies the allegations contained in paragraph 25 of the Complaint.

14                                                   26.

15         City lacks information sufficient at this time to admit or deny the allegations

16 regarding the nature or extent of Glenn's alleged physical injuries, if any, and therefore

17 denies the allegations contained in 26 of the Complaint.

18                                                   27.

19         City incorporates its response contained in its Answer in paragraphs 13-16, above.

20                                                   28.

21         City incorporates its response contained in its Answer in paragraphs 1-8, above.

22                                              29-30.

23         City admits the allegations contained in paragraphs 29-30 of the Complaint.

24                                                   31.

25         City denies the allegations contained in paragraph 31 of the Complaint.

26 ///

Page 5 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

32.

City lacks information sufficient at this time to admit or deny the nature or extent of plaintiff's alleged non-economic damages, and therefore denies those allegations contained in paragraph 32 of the Complaint. Regardless, City denies it is responsible for any damages to Glenn.

33.

City incorporates its response contained in its Answer in paragraphs 1-8, above.

34.

City admits its officers entered the residence without a warrant but intentionally entered pursuant to their community care taking functions as police officers. Otherwise, City denies the allegations contained in paragraph 34 of the Complaint.

35.

City lacks information sufficient at this time to admit or deny the nature or extent of plaintiff's alleged non-economic damages, and therefore denies those allegations contained in paragraph 32 of the Complaint. Regardless, City denies it is responsible for any damages to Glenn.

36.

City incorporates its response contained in its Answer in paragraphs 1-8, above.

37-38.

City denies the allegations contained in paragraphs 37 and 38 of the Complaint.

39-40.

City lacks information sufficient at this time to admit or deny the nature or extent of McKinney's alleged injuries and conditions, and therefore denies those allegations contained in paragraphs 39-40 of the Complaint. Regardless, City denies it is responsible for those alleged injuries.

///

Page 6 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1                                      41-42.

2          City lacks information sufficient at this time to admit or deny the nature or extent of

3    McKinney's alleged economic or non-economic damages, including her alleged medical

4    expenses, and therefore denies those allegations contained in paragraphs 41 and 42 of the

5    Complaint.  Regardless, City denies it is responsible for any damages to McKinney.

6                                        43.

7          City incorporates its response contained in its Answer in paragraphs 1-8, above.

8                                      44-45.

9          City denies the allegations contained in paragraphs 44 and 45 of the Complaint.

10                                       46.

11         City lacks information sufficient at this time to admit or deny the nature or extent of

12   McKinney's alleged injuries and conditions, and therefore denies those allegations contained

13   in paragraph 46 of the Complaint.  Regardless, City denies it is responsible for those alleged

14   injuries.

15                                       47.

16         City incorporates its response contained in its Answer in paragraphs 40-42, above.

17                                       48.

18         City incorporates its response contained in its Answer in paragraphs 1-8, above.

19                                      49-50.

20         City admits Officer Van Blokland used an escort hold to remove McKinney from the

21   bottom of the stairs where she was blocking the other officers from proceeding with the

22   welfare check to the upstairs, escorted McKinney to the front porch, where he handcuffed her

23   and allowed her to sit in a chair on the porch.  Otherwise, City denies the allegations

24   contained in paragraphs 49-50 of the Complaint.

25                                       51.

26         City denies the allegations contained in paragraph 51 of the Complaint.

Page 7 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

52.

City lacks information sufficient at this time to admit or deny the nature or extent of McKinney's alleged injuries and conditions, and therefore denies those allegations contained in paragraph 52 of the Complaint. Regardless, City denies it is responsible for those alleged injuries.

53.

City incorporates its response contained in its Answer in paragraphs 40-42, above.

54.

City incorporates its response contained in its Answer in paragraphs 1-8, above.

55.

City admits its officers entered the residence without a warrant but intentionally entered pursuant to their community care taking functions as police officers. Otherwise, City denies the allegations contained in paragraph 55 of the Complaint.

56.

City lacks information sufficient at this time to admit or deny the allegations concerning the nature or extent of McKinney's alleged injuries or non-economic damages, and therefore denies those allegations contained in paragraph 56 of the Complaint. Regardless, City denies that it is responsible for any alleged injuries or damages.

57.

Except as expressly admitted above, City denies each and every remaining allegation of plaintiffs' Complaint, either because those allegations are untrue, or because City is without knowledge or information sufficient to form a belief as to the truth of those allegations at the present time.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, City alleges as follows:

///

Page 8 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

58.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

59.

**SECOND AFFIRMATIVE DEFENSE**

(Reasonable Suspicion)

Any stop or detention of plaintiffs was based upon reasonable suspicion.

60.

**THIRD AFFIRMATIVE DEFENSE**

(Probable Cause)

Any stop, detention, arrest or other seizure of plaintiffs, or the initiation of any criminal prosecution, was based on probable cause.

61.

**FOURTH AFFIRMATIVE DEFENSE**

(Stopping of Person – ORS 161.315(5))

City's police officers were authorized to use physical force or other control or restraint on plaintiffs, including the use of handcuffs, to effectuate the purpose of the stop or detention, and to ensure their physical safety.

62.

**FIFTH AFFIRMATIVE DEFENSE**

(Arrest – ORS 161.205(5))

City's police officers were authorized to use physical force or control on plaintiff Glenn in making an arrest of Glenn.

///

///

Page 9 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

63.

**SIXTH AFFIRMATIVE DEFENSE**

(Privilege)

The actions of City's police officers were privileged, as they were necessary to carry out their duties as law enforcement officers.

64.

**SEVENTH AFFIRMATIVE DEFENSE**

(Justification)

The actions of City's police officers were justified, as they were necessary to carry out their duties as law enforcement officers.

65.

**EIGHTH AFFIRMATIVE DEFENSE**

(Good Faith)

Any control or force directed at or on plaintiffs, any detention of plaintiff McKinney, any arrest of plaintiff Glenn, and any initiation of any criminal prosecution of plaintiff Glenn, was done in good faith by City's police officers.

66.

**NINTH AFFIRMATIVE DEFENSE**

(Consent)

Plaintiff McKinney, a person with apparent authority, consented to the entry of the City's police officers into the residence to make the welfare check.

67.

**TENTH AFFIRMATIVE DEFENSE**

(Community Care Taking –ORS 133.033/Emergency Aid Doctrine)

The City's police officers were authorized to stop, detain, or take plaintiffs into custody and to enter the residence based on their authority under Oregon's Community Care

Page 10 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

1  Taking statute, ORS 133.033, and the emergency aid exception to any warrant requirement.

2  68.

3  **ELEVENTH AFFIRMATIVE DEFENSE**

4  (Comparative Fault –ORS 31.600)

5  Plaintiffs' injuries, if any, were caused by plaintiffs' negligence in one or more of the

6  following particulars:

7  a.  Refusing to obey the lawful commands of a uniformed police officer;

8  b.  Interfering with law enforcement activities of uniformed police

9  officers;

10  c.  Disrupting lawful enforcement activities of uniformed police officers;

11  and

12  d.  Physically resisting the efforts of uniformed police officers to control,

13  detain and arrest plaintiffs, and to conduct the welfare check of the residence.

14  69.

15  **TWELFTH AFFIRMATIVE DEFENSE**

16  (Limitation on Damages – ORS 30.270)

17  Plaintiffs' claims are subject to all the limitations, conditions, and immunities

18  contained in Oregon's Tort Claims Act, ORS 30.265 et seq., including but not limited to the

19  limitation on damages found at ORS 30.270.

20  70.

21  **THIRTEENTH AFFIRMATIVE DEFENSE**

22  (No Duplicative Damages)

23  Plaintiffs are not entitled to recover duplicative damages.

24  WHEREFORE, having fully answered plaintiff's Complaint, City prays for the

25  following relief:

26  A.  That judgment be entered in favor of City and against plaintiffs;

Page 11 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM. 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

1     B.     That City be awarded its reasonable costs incurred herein; and

2     C.     That City be awarded such other relief as the Court deems just and equitable.

4     DATED: September 22, 2010.

Respectfully submitted,

William W. Manlove, OSB No. 891607
Senior Deputy City Attorney
Email: william.manlove@portlandoregon.gov
Of Attorneys for Defendants

Page 12 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing DEFENDANT'S ANSWER AND

AFFIRMATIVE DEFENSES on:

> TRAVIS J. MAYOR
> ATTORNEY AT LAW
> 1826 NE BROADWAY
> PORTLAND, OR  97232-1430
> *Of Attorneys for Plaintiffs*

on September 22, 2010, by causing a full, true and correct copy thereof, addressed to the last-

known address (or fax number) of said attorney, to be sent by the following method(s):

☒     by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐     by **hand delivery.**

☐     by **facsimile transmission.**

WILLIAM W. MANLOVE, OSB #891607
Senior Deputy City Attorney
Email: William.Manlove@portlandoregon.gov
Fax: (503) 823-3089
Of Attorneys for Defendants

Page 1 – CERTIFICATE OF SERVICE

ENTERED
SEP 3 0 2010
IN REGISTER BY SLF

RECEIVED
CIRCUIT COURT
MULTNOMAH COUNTY

10 SEP 29 PM 1: 34

FILED

1
2
3            IN THE CIRCUIT COURT OF THE STATE OF OREGON

4                    FOR THE COUNTY OF MULTNOMAH

5   THOMAS GLENN; and PATSY          )
6   McKINNEY,                        )    Case No.  1008-11737
                                     )
7                    Plaintiffs,     )    REPLY TO DEFENDANT'S ANSWER
                                     )    AND AFFIRMATIVE DEFENSES
8            v.                      )
                                     )
9   CITY OF PORTLAND, a public body, )
                                     )
10                   Defendant.      )

11       In Reply to Defendant's Answer and Affirmative Defenses, plaintiffs allege as

12  follows:

13                                  1.

14       Plaintiffs deny paragraph 59 of Defendant's Answer and Affirmative Defenses.  The

15  responding police officers did not have a reasonable suspicion to stop or detain plaintiffs in

16  their own home on August 12, 2008.

17
18                                  2.

19       Plaintiffs deny paragraph 60 of Defendant's Answer and Affirmative Defenses.  The

20  responding police officers did not have probable cause to enter and/or search plaintiffs home

21  on August 12, 2008 because they had no evidence that anyone had been injured, that anyone

22  was in serious harm, or that a crime had been committed.  Plaintiffs' home was quiet when

23  the responding officers arrived and there were no signs of a disturbance.  Further, both

24  plaintiffs informed the responding officers that they were not injured and they did not need

25  assistance.

26

Page 1 -    REPLY TO DEFENDANT'S ANWER AND
            AFFIRMATIVE DEFENSES

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

3.

Plaintiffs deny paragraphs 61 through 65 of Defendant's Answer and Affirmative Defenses. At no point did the responding officers have probable cause to enter and search plaintiffs' home or arrest plaintiffs. Further, the officers' use of force against plaintiffs was not necessary, justified or reasonable under the circumstances.

4.

Plaintiffs deny paragraph 66 of Defendant's Answer and Affirmative Defenses. Neither plaintiff consented to the entry and of the responding police officers into their home, and subsequent search, to make a welfare check. Plaintiff McKinney opened the front door only after the responding police officers threatened to use force to break down the door.

5.

Plaintiffs deny paragraph 67 of Defendant's Answer and Affirmative Defenses. The responding police officers did not have evidence that would justify entry into plaintiffs' home under ORS 133.033, and the police officers' warrantless entry into plaintiffs' home failed to meet any of the constitutional exceptions to the search warrant requirement.

WHEREFORE, plaintiff Thomas Glenn prays for a judgment in his favor for non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000, $67,240.48 in past medical expenses, approximately $40,320 in lost income, the exact amount to be determined at trial, and future medical expenses and future impaired earning capacity in an amount to be determined at trial, plus plaintiff's costs and disbursements incurred herein.

///

///

Page 2 -    REPLY TO DEFENDANT'S ANWER AND
            AFFIRMATIVE DEFENSES

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

1    WHEREFORE, plaintiff Patsy McKinney prays for a judgment in her favor for non-

2    economic damages in an amount which a jury decides is fair, but not to exceed $125,000,

3    $418.16  in past medical expenses, plus plaintiff's costs and disbursements incurred herein.

4    DATED this 28 day of September , 2010.

5

6

7

8

9    Michael L. Rosenbaum, OSB No. 76026

10   Travis J. Mayor, OSB No. 053210
     Of Attorneys for Plaintiffs Thomas Glenn and Patsy

11   McKinney

12   Trial Attorney:  Michael L. Rosenbaum, OSB 76026

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -    REPLY TO DEFENDANT'S ANWER AND
            AFFIRMATIVE DEFENSES

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

**CERTIFICATE OF SERVICE**

I hereby certify that I served, on the date set forth below, the foregoing REPLY TO

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES via the following method on:

William Manlove III
City Attorney's Office
1221 SW 4th Ave., Suite 430
Portland, OR 97204

By First Class Mail.

DATED this 28th day of September, 2010.

Travis J. Mayor

Page 1 – CERTIFICATE OF SERVICE

MICHAEL L. ROSENBAUM, OSB #76026
Attorney's at Law
1826 NE Broadway
Portland Oregon 97232
503-288-8000

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

2011 MAR -9 AM 10: 81

FILED

THOMAS GLENN; and PATSY
McKINNEY,

                        Plaintiffs,

          v.

CITY OF PORTLAND, a public body,

                        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1008-11737

MOTION AND ORDER TO
POSTPONE CIVIL TRIAL

ENTERED
MAR - 9 2011
IN REGISTER BY EG

Pursuant to UTCR 6.030, ☑ Plaintiffs ☐ Defendant moves the court to postpone the current trial date of April 11, 2011 for the following reasons: Discovery is ongoing and not complete.

Case filing (or reinstatement) date:   August 11, 2010

Number of prior postponements:     0

REQUESTED SETOVER:       ☑ Regular course;   ☐ to

Opposing Party:              ☑ Consents       ☐ Objects

Probable Trial Status:          ☐ Court         ☑ Jury

Estimated Total Length of Trial:   4 days

I certify that I have advised my clients of this request and served a copy of this motion on all opposing parties. If objected to, at least one judicial day's notice of the date and time of the Ex Parte appearance was given to all opposing counsel.

Dated: **3/7/2011**     Signature of Attorney: _Francis Mayor_

                        Print name & OSB #: _Travis J. Mayor, OSB No. 053210_

                        Attorney for:       _Plaintiffs_

                        Phone Number:   _(503) 288-8000_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER**

The motion to postpone is **GRANTED**:   ☑ in the regular course   ☐ to

Dated:     **MAR 0 9 2011**         _Jean Kerr Maurer_

                                Presiding Judge

SUBMIT THE ORIGINAL AND ONE COPY OF THIS FORM (SLR 7.035(2)). Attach stamped, self addressed confirmation cards for all parties. Any contested requests must be presented at Ex Parte. See UTCR 6.030 and SLR 7.035 for further guidelines.

**CERTIFICATE OF SERVICE**

I hereby certify that I served, on the date set forth below, the foregoing MOTION AND ORDER

TO POSTPONE CIVIL TRIAL via the following method on:

William Manlove III
City Attorney's Office
1221 SW 4th Ave., Suite 430
Portland, OR 97204

By First Class Mail.

DATED this 7th day of March , 2011.


Travis J. Mayor

Page 1 – CERTIFICATE OF SERVICE

MICHAEL L. ROSENBAUM, OSB #76026
Attorney's at Law
1826 NE Broadway
Portland Oregon 97232
503-288-8000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**RECEIVED**

MAR 2 2 2011

City Attorneys Office

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| THOMAS GLENN; and PATSY McKINNEY, | Case No. 1008-11737 |
| Plaintiffs, | FIRST AMENDED COMPLAINT (Negligence; Battery – Excessive Force; False Arrest; False Imprisonment; Trespass – Unlawful Entry; Violation of 42 U.S.C. § 1983) |
| v. | |
| CITY OF PORTLAND, a public body, | |
| Defendant. | PRAYER: $150,000 - $499,000 |
| | (CLAIM NOT SUBJECT TO MANDATORY ARBITRATION) |
| | JURY TRIAL DEMANDED |

Plaintiffs allege as follows:

1.

At all material times, defendant City of Portland was a municipality and public body located in Multnomah County, Oregon. At all material times, the Portland Police Bureau was a law enforcement agency operated by defendant City of Portland. At all material times, Douglas Matthews, Freddie Jackson and Kelly Van Blokland were police officers acting within the course and scope of their employment for the Portland Police Bureau and the City of Portland.

2.

At all material times, plaintiffs Thomas Glenn and Patsy McKinney were residents of a residential house located at 4704 NE 6th Ave., Portland, Oregon.

Page 1 -   FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

3.

On August 12, 2008, at or around 9:00 a.m., the Bureau of Emergency
Communication in Portland received a 911 call from a female caller who identified herself as
"Raya." The caller reported she was walking past the address of 4704 NE 6th Ave., Portland,
Oregon and heard: "slamming and a female screaming." The 911 operator did not request
any additional information from the caller about what she heard or observed, the caller's last
name, her address or any other information except for a cellular phone number. Portland
Police were then called by dispatch to respond to the location. At no point did the
responding police officers speak to the anonymous caller named "Raya" or obtain additional
information before responding to the address.

4.

Portland Police Officers Douglas Matthews and Freddie Jackson, who were the first
to respond, began knocking on the front door of plaintiffs' home. Thomas Glenn, the
homeowner and resident, came to the door and spoke to the officers through a window. The
officers demanded entry so they could search Mr. Glenn's house. Mr. Glenn did not consent
to the entry. The officers did not have a search warrant. Within a few minutes, Mr. Glenn's
girlfriend, plaintiff Patsy McKinney, who also lived in the home, came to the door after
officers demanded. In response to questions, Ms. McKinney told the officers she was fine
and nobody was hurt or needed assistance. The officers continued to demand entry into the
home and threatened to break down the door. Under the threat of force, Ms. McKinney
opened the front door. Officers Matthews, Jackson and other officers, who had responded,
then entered plaintiffs' home and searched the first floor. The officers found no injured
persons or evidence of a crime.

Page 2 -   FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

5.

After completing their search of the first floor, Officer Matthews stated he was going to search the second floor. Mr. Glenn, who was standing in the stairway to the second floor, complained about the search to the officers. Officer Matthews immediately grabbed Mr. Glenn with both hands and threw him from the steps onto the ground floor below, drove his knees into Mr. Glenn's back and handcuffed him. Mr. Glenn's right foot was seriously injured during the violent takedown where he suffered a right mid-foot dislocation with deep peroneal nerve traction injury. At no point had Mr. Glenn touched or posed a threat to Officer Matthews, which would justify the use of force.

6.

Ms. McKinney verbally protested Officer Matthews' use of force on Mr. Glenn. Then, suddenly and without warning, Officer Van Blokland, who has also responded and entered the home, inappropriately used force on Ms. McKinney, when he slammed her against the wall and handcuffed her, causing injuries to her finger, chest wall and back. The officers completed their search of the house, including the second floor, and found no evidence that a crime had been committed or that anyone was in need of emergency assistance. The officers then arrested Mr. Glenn and took him to the NE Precinct in his underwear, bathrobe and house slippers.

7.

Mr. Glenn was cited and charged with interfering with a peace officer – ORS 162.247 and obstructing governmental administration – ORS 162.235 because he did not consent to the warrantless search of his house by Portland Police officers. Mr. Glen pled "Not Guilty" and went to trial on November 17, 2008. Mr. Glenn was acquitted of all charges in

Page 3 -    FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

Multnomah County Circuit Court, Case No. 0808-50599. The court ruled that the officers' search of Mr. Glenn's home was warrantless, was without consent and unconstitutional.

8.

Plaintiffs provided official tort claims notice to the City of Portland less than 180 days after the subject incident.

For his FIRST CLAIM FOR RELIEF against defendant City of Portland, plaintiff Thomas Glenn alleges as follows:

**NEGLIGENCE**

9.

Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

10.

The occurrence of this event was a result of the negligence of defendant City of Portland in the following particulars:

a. Failing to administer timely and appropriate Portland Police Bureau officer training with respect to warrantless searches and justification for use of force;

b. Allowing Portland Police Bureau officers to perform warrantless home searches without probable cause and consent of the homes residents;

c. Failing to adequately assess and ensure that Portland Police Bureau officers maintain sufficient competency to perform their duties.

11.

The City of Portland, through the actions and omissions of officers Matthews, Jackson and the other responding officers of the Portland Police Bureau, was negligent in one or more of the following particulars:

a. By unlawfully entering plaintiffs' home without a search warrant, plaintiffs' consent, or exigent circumstances;

Page 4 -    FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

b. By throwing plaintiff Thomas Glenn from stair steps onto the ground floor without justification;

c. By using excessive force on plaintiff Thomas Glenn;

d. By failing to leave the premises after officers determined the occupants were safe;

e. By refusing to leave the premises when directed by plaintiff Thomas Glenn; and

f. By arresting and imprisoning Thomas Glenn without probable cause.

12.

As a result of the negligence of the defendant, and as a substantial factor and legal cause thereof, plaintiff Thomas Glenn suffered the following injuries:

a. Right foot dislocation of the first, second and third tarsometatarsal joints;

b. Intercuneiform instability in the right foot;

c. Deep peroneal nerve traction injury in the right foot;

d. Sprained right foot; and

e. Right elbow contusion.

13.

Plaintiff's injuries have caused him to suffer the following symptoms and conditions:

a. Right foot pain and swelling;

b. Decreased right foot range of motion, mobility and traction neuritis;

c. Right foot stiffness;

d. Right elbow pain and bruising;

e. Headaches;

f. Insomnia; and

g. Increased risk of susceptibility to right foot joint arthritis.

///

Page 5 -   FIRST AMENDED COMPLAINT

14.

As a result of said personal injuries, Thomas Glenn has incurred approximately $67,240.48 in medical expenses and will incur future medical expenses, will need future medical treatment and will incur future care costs in an amount to be determined at trial.

15.

The injuries sustained by plaintiff are permanent. Plaintiff's injuries have been painful and will continue to be painful in the future. They have interfered with and will continue to interfere with his normal and usual activities. For the above injuries, the plaintiff should be awarded non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000.00.

16.

As a result of the injuries he sustained, the plaintiff has lost past wages of approximately $40,320, the exact amount to be determined at trial. Plaintiff continues to lose wages of approximately $480 per week, and plaintiff will incur damages for future impaired earning capacity, the exact amount to be determined at trial.

For his SECOND CLAIM FOR RELIEF against defendant City of Portland, plaintiff Thomas Glenn alleges as follows:

**BATTERY**

**(Excessive Force)**

17.

Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

///

///

Page 6 -   FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

18.

Defendant City of Portland, through the actions of officer Matthews, intended to cause and did cause offensive contact with Thomas Glenn and used excessive force by grabbing him, throwing him from stairs to the ground below, driving knees into his back, and handcuffing him.

19.

Officer Matthews' conduct was intentional, nonconsensual, offensive, harmful, insulting and not justified.

20.

As a result of Officer Matthews' battery and excessive force, Thomas Glenn suffered personal injury consisting of the injuries alleged in paragraph 12(a)-(e).

21.

Plaintiff re-alleges paragraphs 13-16.

For his THIRD CLAIM FOR RELIEF against defendant City of Portland, plaintiff Thomas Glenn alleges as follows:

### FALSE ARREST

### Count I

22.

Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

23.

Defendant City of Portland, through the conduct of the Portland Police Bureau officers, intended to confine and did confine Thomas Glenn by arresting him for interfering with a peace officer and obstructing governmental administration and transporting him to the

Page 7 -   FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

1  NE Portland precinct jail.

2  24.

3
4  Mr. Glenn was made aware of his confinement when he was physically taken to the
   ground by officer Matthews, placed in handcuffs, and told by officers he was under arrest.

5
6  25.

7  The arrest and confinement of Mr. Glenn was unlawful because the officers did not
8  have a factual basis to establish a probable cause to enter into Mr. Glenn's house and
9  thereafter to arrest Mr. Glenn.

10  26.

11  As a result of the Portland Police Bureau officers' false arrest of Mr. Glenn, Thomas
12  Glenn suffered personal injury consisting of the injuries alleged in paragraph 12(a)-(e).

13
14  27.

15  Plaintiff re-alleges paragraphs 13-16.

16  **FALSE IMPRISONMENT**

17  **COUNT II**

18  28.

19  Plaintiff Thomas Glenn re-alleges paragraphs 1-8 as if fully set forth herein.

20  29.

21
22  Defendant City of Portland, through the conduct of the Portland Police Bureau
23  officers, continued to confine and did confine Thomas Glenn by further detaining him at the
24  NE Portland precinct jail for interfering with a peace officer and obstructing governmental
25  administration.

26  ///

Page 8 -    FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

30.

Mr. Glenn was made aware of his continued confinement when Portland Police Bureau officers refused to release him and issued him a citation for interfering with a peace officer and obstructing governmental administration.

31.

The confinement of Mr. Glenn was unlawful because the officers did not have a factual basis to form probable cause and detain Mr. Glenn.

32.

As a result of the Portland Police Bureau officers' false imprisonment of Mr. Glenn, Thomas Glenn suffered stress, humiliation, anxiety, physical pain, embarrassment inconvenience and loss of enjoyment of life.  For the above injuries, the plaintiff should be awarded non-economic damages in an amount which a jury decides is fair, but not to exceed $100,000.00.

For his FOURTH CLAIM FOR RELIEF against defendant City of Portland, plaintiff Thomas Glenn alleges as follows:

### TRESPASS

### (Unlawful Entry)

33.

Plaintiff re-allege paragraphs 1-8 as if full set forth herein.

34.

The defendant's intrusion, through the conduct of the Portland Police Bureau officers, onto plaintiff Thomas Glenn's property and into his home was not authorized by plaintiff, was without a search warrant and probable cause, was intentional, and invaded and denied

Page 9 -    FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

plaintiff's interest in the exclusive possession of his property. Defendant's entry onto

plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights and

under Article I, Section 9 of the Oregon Constitution, causing plaintiff economic damages as

alleged in paragraphs 14 and 16.

35.

Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience,

worry and alarm all to his non-economic damages in an amount which a jury decides is fair,

but not to exceed $350,000.

For his FIFTH CLAIM FOR RELIEF against defendant City of Portland, plaintiff

Thomas Glenn alleges as follows:

## Violation of the Fourth Amendment

### (42 U.S.C. § 1983)

36.

Plaintiff re-alleges paragraphs 1-8 as if fully set forth herein.

37.

Defendant City of Portland violated plaintiff's right to be free from unreasonable

search and seizure under the Fourth Amendment by authorizing and/or causing Portland

Police Bureau officers to enter into plaintiff's home without a warrant and without probable

cause under its policy relating to emergency entries and the community caretaking statute.

38.

Defendant City of Portland's policy regarding emergency entries and the community

caretaking statute, which permits Portland Police Bureau officers entry into citizen's homes

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

1   without a warrant, is unconstitutional on its face and/or the application of that policy by

2   defendant was unconstitutional.

3                                              39.

4        The defendant's unreasonable entry and search, through the conduct of the Portland

5   Police Bureau officers, onto plaintiff Thomas Glenn's property and into his home was not

6   authorized by plaintiff, was without a search warrant and probable cause, was intentional,

7

8   and invaded and denied plaintiff's interest in the right to be free from unreasonable search

9   and seizure.  Defendant's entry onto plaintiff's property was unlawful and in violation of

10  plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in

11  paragraphs 14 and 16.

12                                             40.

13       Defendant's unreasonable entry, search and seizure has caused plaintiff mental

14  suffering, annoyance, inconvenience, worry and alarm all to his non-economic damages in an

15

16  amount which a jury decides is fair, but not to exceed $350,000.

17                                             41.

18       Plaintiff also seeks his attorney's fees and litigation expenses and costs against

19  defendant under 42 U.S.C. § 1988.

20       For her FIRST CLAIM FOR RELIEF against defendant City of Portland, plaintiff

21  Patsy McKinney alleges as follows:

22
                                        **NEGLIGENCE**
23
                                             42.
24
25       Plaintiff Patsy McKinney re-alleges paragraphs 1-8 as if fully set forth herein.

26  ///

Page 11 -   FIRST AMENDED COMPLAINT          Michael L. Rosenbaum, OSB 76026
                                                   1826 NE Broadway
                                                Portland OR 97232-1430
                                                     503-288-8000

43.

The occurrence of this event was a result of the negligence of defendant City of Portland in the following particulars:

    a.  Failing to administer timely and appropriate Portland Police Bureau officer training with respect to warrantless searches and justification for use of force;

    b.  Allowing Portland Police Bureau officers to perform warrantless home searches without probable cause and consent of the homes residents;

    c.  Failing to adequately assess and ensure that Portland Police Bureau officers maintain sufficient competency to perform their duties.

44.

The City of Portland, through the actions and omissions of officers Matthews, Jackson, Van Blokland and the other responding officers of the Portland Police Bureau, was negligent in one or more of the following particulars:

    a.  By unlawfully entering plaintiffs' home without a search warrant, plaintiffs' consent, or exigent circumstances;

    b.  By slamming plaintiff Patsy McKinney against a wall without justification;

    c.  By using excessive force on plaintiff Patsy McKinney;

    d.  By failing to leave the premises after officers determined the occupants were safe;

    e.  By refusing to leave the premises when directed by plaintiff Thomas Glenn; and

    f.  By arresting Patsy McKinney without probable cause.

45.

As a result of the negligence of the defendant, and as a substantial factor and legal cause thereof, plaintiff Patsy McKinney suffered the following injuries:

    a.  Acute cervical strain;

    b.  Left side hematoma of the scalp;

Page 12 -    FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

c.    Chest wall strain and contusion; and

d.    Sprained right middle finger.

46.

Plaintiff's injuries have caused her to suffer the following symptoms and conditions:

a.    Neck & head pain;

b.    Chest pain;

c.    Pain in the right middle finger

d.    Decreased range of motion and mobility in the right middle finger; and

e.    Headaches.

47.

As a result of said personal injuries, Patsy McKinney has incurred approximately $418.16 in medical expenses.

48.

Plaintiff's injuries have been painful and they have interfered with her normal and usual activities.  For the above injuries, the plaintiff should be awarded non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000.00.

For her SECOND CLAIM FOR RELIEF against defendant City of Portland, plaintiff Patsy McKinney alleges as follows:

**BATTERY**

**(Excessive Force)**

49.

Plaintiff Patsy McKinney re-alleges paragraphs 1-8 as if fully set forth herein.

///

Page 13 -    FIRST AMENDED COMPLAINT

50.

Defendant City of Portland, through the actions of Officer Van Blokland, intended to cause and did cause offensive contact with Patsy McKinney and used excessive force by grabbing her, slamming her chest and face against a wall, and handcuffing her.

51.

Officer Van Blokland's conduct was intentional, nonconsensual, offensive, harmful, insulting and not justified.

52.

As a result of Officer Van Blokland's battery and excessive force, Patsy McKinney suffered personal injury consisting of the injuries alleged in paragraph 45(a)-(d).

53.

Plaintiff re-alleges paragraphs 46-48.

For her THIRD CLAIM FOR RELIEF against defendant City of Portland, plaintiff Patsy McKinney alleges as follows:

**FALSE ARREST**

54.

Plaintiff Patsy McKinney re-alleges paragraphs 1-8 as if fully set forth herein.

55.

Defendant City of Portland, through the conduct of the Portland Police Bureau officers, intended to confine and did confine Patsy McKinney by physically restraining and handcuffing her in her home.

///

///

Page 14 -    FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

56.

Ms. McKinney was made aware of her confinement when she was physically pushed into a wall by Officer Van Blokland and placed in handcuffs.

57.

The arrest and confinement of Ms. McKinney was unlawful because the officers did not have a factual basis to establish a probable cause to enter into Ms. McKinney's house and thereafter to arrest Ms. McKinney.

58.

As a result of the Portland Police Bureau officers' false arrest of Ms. McKinney, Patsy McKinney suffered personal injury consisting of the injuries alleged in paragraph 45(a)-(d).

59.

Plaintiff re-alleges paragraphs 46-48.

For her FOURTH CLAIM FOR RELIEF against defendant City of Portland, plaintiff Patsy McKinney alleges as follows:

**TRESPASS**

**(Unlawful Entry)**

60.

Plaintiff re-allege paragraphs 1-8 as if full set forth herein.

61.

The defendant's intrusion, through the conduct of the Portland Police Bureau officers, onto plaintiff Patsy McKinney's property and into her home was not authorized by plaintiff, was without a search warrant and probable cause, was intentional, and invaded and denied

Page 15 -    FIRST AMENDED COMPLAINT

1   plaintiff's interest in the exclusive possession of her property.  Defendant's entry onto

2   plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights and

3   under Article I, Section 9 of the Oregon Constitution, causing plaintiff economic damages as

4   alleged in paragraph 47.

5                                              62.

6   

7       Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience,

8   worry and alarm all to her non-economic damages in an amount which a jury decides is fair,

9   but not to exceed $125,000.

10      For her FIFTH CLAIM FOR RELIEF against defendant City of Portland, plaintiff

11  Patsy McKinney alleges as follows:

12                **Violation of the Fourth Amendment - 42 U.S.C. § 1983**

13                      **(Unreasonable Search and Seizure)**

14  

15                                             63.

16      Plaintiff re-alleges paragraphs 1-8 as if fully set forth herein.

17                                             64.

18      Defendant City of Portland violated plaintiff's right to be free from unreasonable

19  search and seizure under the Fourth Amendment by authorizing and/or causing Portland

20  Police Bureau officers to enter into plaintiff's home without a warrant and without probable

21  cause under its policy relating to emergency entries and the community caretaking statute.

22                                             65.

23  

24      Defendant City of Portland's policy regarding emergency entries and the community

25  caretaking statute, which permits Portland Police Bureau officers entry into citizen's homes

26  

Page 16 -    FIRST AMENDED COMPLAINT          Michael L. Rosenbaum, OSB 76026
                                                        1826 NE Broadway
                                                    Portland OR 97232-1430
                                                        503-288-8000

1   without a warrant, is unconstitutional on its face and/or the application of that policy by

2   defendant was unconstitutional.

66.

The defendant's unreasonable entry and search, through the conduct of the Portland

Police Bureau officers, onto plaintiff Patsy McKinney's property and into her home was not

authorized by plaintiff, was without a search warrant and probable cause, was intentional,

and invaded and denied plaintiff's interest in the right to be free from unreasonable search

and seizure. Defendant's entry onto plaintiff's property was unlawful and in violation of

plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in

paragraphs 47.

67.

Defendant's unreasonable entry, search and seizure has caused plaintiff mental

suffering, annoyance, inconvenience, worry and alarm all to her non-economic damages in

an amount which a jury decides is fair, but not to exceed $125,000.

68.

Plaintiff also seeks her attorney's fees and litigation expenses and costs against

defendant under 42 U.S.C. § 1988.

WHEREFORE, plaintiff Thomas Glenn prays for a judgment in his favor for non-

economic damages in an amount which a jury decides is fair, but not to exceed $350,000,

$67,240.48 in past medical expenses, approximately $40,320 in lost income, the exact

amount to be determined at trial, and future medical expenses and future impaired earning

capacity in an amount to be determined at trial, plus plaintiff's attorney's fees, litigation

expenses, costs and disbursements incurred herein.

Page 17 -   FIRST AMENDED COMPLAINT

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

1   WHEREFORE, plaintiff Patsy McKinney prays for a judgment in her favor for non-

2   economic damages in an amount which a jury decides is fair, but not to exceed $125,000,

3   $418.16  in past medical expenses, plus plaintiff's attorney's fees, litigation expenses, costs

4   and disbursements incurred herein.

5   DATED this 21 day of March , 2011.

6

7

8   LAW OFFICES OF MICHAEL L. ROSENBAUM

9

10   Michael L. Rosenbaum, OSB No. 760267

11   Travis J. Mayor, OSB No. 053210
     Of Attorneys for Plaintiffs Thomas Glenn and Patsy
12   McKinney

13   Trial Attorney:  Michael L. Rosenbaum, OSB 76026

14

15

16

17

18

19

20

21

22

23

24

25

26

Michael L. Rosenbaum, OSB 76026
1826 NE Broadway
Portland OR 97232-1430
503-288-8000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

**CERTIFICATE OF SERVICE**

I hereby certify that I served, on the date set forth below, the foregoing FIRST AMENDED

COMPLAINT and STIPULATION ALLOWING FIRST AMENDED COMPLAINT via the following

method on:

William Manlove III
City Attorney's Office
1221 SW 4th Ave., Suite 430
Portland, OR 97204

By First Class Mail.

DATED this 21st day of March _____, 2011.

Travis J. Mayor

Page 1 – CERTIFICATE OF SERVICE

MICHAEL L. ROSENBAUM, OSB #76026
Attorney's at Law
1826 NE Broadway
Portland Oregon 97232
503-288-8000