Michael L. Rosenbaum, OSB No. 760267
E-mail: mikelaw100@yahoo.com
Travis J. Mayor, OSB No. 053210
E-mail: tjm@rosenbaumlitigation.com
Law Offices of Michael L. Rosenbaum
1826 NE Broadway
Portland, OR 97232
Telephone No.: (503) 288-8000
Fax No.: (503) 288-8046

Of Attorneys for Plaintiffs Thomas Glenn and Patsy McKinney

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THOMAS GLENN; and PATSY McKINNEY, | Case No.: 11-CV-00402-BR |
| Plaintiffs, | SECOND AMENDED COMPLAINT (Civil Rights Claims - Violation of 42 U.S.C. § 1983; Pendent State Law Claims) |
| CITY OF PORTLAND, a Public body, | **Demand for Jury Trial** |
| Defendant. | |

## I.

## JURISDICTION

1.

Plaintiffs brings this action pursuant to 42 U.S.C. § 1983 for damages alleging civil rights violations for unlawful entry, search and seizure. Plaintiffs also bring an action for damages alleging negligence, battery, false arrest, false imprisonment and trespassing.

///

SECOND AMENDED COMPLAINT                                                1

2.

This court has jurisdiction over plaintiffs' claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, and 1367.  Venue is appropriate in this court under 28 U.S.C. § 1391 because plaintiffs' claims arose in the City of Portland, Multnomah County, within the District of Oregon.

## II.

## PARTIES

3.

At all material times, defendant City of Portland was a municipality and public body located in Multnomah County, Oregon.  At all material times, the Portland Police Bureau was a law enforcement agency operated by defendant City of Portland.  At all material times, Douglas Matthews, Freddie Jackson and Kelly Van Blokland were police officers acting within the course and scope of their employment for the Portland Police Bureau and the City of Portland.

4.

At all material times, plaintiffs Thomas Glenn and Patsy McKinney were residents of a residential house located at 4704 NE 6th Ave., Portland, Oregon.

## III.

## FACTS COMMON TO ALL CLAIMS

5.

On August 12, 2008, at or around 9:00 a.m., the Bureau of Emergency Communication in Portland received a 911 call from a female caller who identified herself as "Raya."  The caller reported she was walking past the address of 4704 NE 6th

Ave., Portland, Oregon and heard: "slamming and a female screaming." The 911
operator did not request any additional information from the caller about what she heard
or observed, the caller's last name, her address or any other information except for a
cellular phone number. Portland Police were then called by dispatch to respond to the
location. At no point did the responding police officers speak to the anonymous caller
named "Raya" or obtain additional information before responding to the address.

6.

Portland Police Officers Douglas Matthews and Freddie Jackson, who were the
first to respond, began knocking on the front door of plaintiffs' home. Thomas Glenn,
the homeowner and resident, came to the door and spoke to the officers through a
window. The officers demanded entry so they could search Mr. Glenn's house. Mr.
Glenn did not consent to the entry. The officers did not have a search warrant. Within a
few minutes, Mr. Glenn's girlfriend, plaintiff Patsy McKinney, who also lived in the
home, came to the door after officers demanded. In response to questions, Ms.
McKinney told the officers she was fine and nobody was hurt or needed assistance. The
officers continued to demand entry into the home and threatened to break down the door.
Under the threat of force, Ms. McKinney opened the front door. Officers Matthews,
Jackson and other officers, who had responded, then entered plaintiffs' home and
searched the first floor. The officers found no injured persons or evidence of a crime.

7.

After completing their search of the first floor, Officer Matthews stated he was
going to search the second floor. Mr. Glenn, who was standing in the stairway to the
second floor, complained about the search to the officers. Officer Matthews immediately

SECOND AMENDED COMPLAINT                                                                    3

grabbed Mr. Glenn with both hands and threw him from the steps onto the ground floor below, drove his knees into Mr. Glenn's back and handcuffed him. Mr. Glenn's right foot was seriously injured during the violent takedown where he suffered a right mid-foot dislocation with deep peroneal nerve traction injury. At no point had Mr. Glenn touched or posed a threat to Officer Matthews, which would justify the use of force.

8.

Ms. McKinney verbally protested Officer Matthews' use of force on Mr. Glenn. Then, suddenly and without warning, Officer Van Blokland, who has also responded and entered the home, inappropriately used force on Ms. McKinney, when he slammed her against the wall and handcuffed her, causing injuries to her finger, chest wall and back. The officers completed their search of the house, including the second floor, and found no evidence that a crime had been committed or that anyone was in need of emergency assistance. The officers then arrested Mr. Glenn and took him to the NE Precinct in his underwear, bathrobe and house slippers.

9.

Mr. Glenn was cited and charged with interfering with a peace officer – ORS 162.247 and obstructing governmental administration – ORS 162.235 because he did not consent to the warrantless search of his house by Portland Police officers. Mr. Glen pled "Not Guilty" and went to trial on November 17, 2008. Mr. Glenn was acquitted of all charges in Multnomah County Circuit Court, Case No. 0808-50599. The court ruled that the officers' search of Mr. Glenn's home was warrantless, was without consent and unconstitutional.

///

SECOND AMENDED COMPLAINT

10.

Plaintiffs provided official tort claims notice to the City of Portland less than 180 days after the subject incident.

## IV.

## THOMAS GLENN'S FIRST CLAIM FOR RELIEF
### (Negligence)

11.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

12.

The occurrence of this event was a result of the negligence of defendant City of Portland in the following particulars:

a. Failing to administer timely and appropriate Portland Police Bureau officer training with respect to warrantless searches and justification for use of force;

b. Allowing Portland Police Bureau officers to perform warrantless home searches without probable cause and consent of the homes residents;

c. Failing to adequately assess and ensure that Portland Police Bureau officers maintain sufficient competency to perform their duties.

13.

The City of Portland, through the actions and omissions of officers Matthews, Jackson and the other responding officers of the Portland Police Bureau, was negligent in one or more of the following particulars:

a. By unlawfully entering plaintiffs' home without a search warrant, plaintiffs' consent, or exigent circumstances;

b. By throwing plaintiff Thomas Glenn from stair steps onto the ground floor without justification;

c. By using excessive force on plaintiff Thomas Glenn;

SECOND AMENDED COMPLAINT                                                      5

    d.   By failing to leave the premises after officers determined the occupants were safe;

    e.   By refusing to leave the premises when directed by plaintiff Thomas Glenn; and

    f.   By arresting and imprisoning Thomas Glenn without probable cause.

14.

As a result of the negligence of the defendant, and as a substantial factor and legal cause thereof, plaintiff Thomas Glenn suffered the following injuries:

    a.   Right foot dislocation of the first, second and third tarsometatarsal joints;

    b.   Intercuneiform instability in the right foot;

    c.   Deep peroneal nerve traction injury in the right foot;

    d.   Sprained right foot; and

    e.   Right elbow contusion.

15.

Plaintiff's injuries have caused him to suffer the following symptoms and conditions:

    a.   Right foot pain and swelling;

    b.   Decreased right foot range of motion, mobility and traction neuritis;

    c.   Right foot stiffness;

    d.   Right elbow pain and bruising;

    e.   Headaches;

    f.   Insomnia; and

    g.   Increased risk of susceptibility to right foot joint arthritis.

///

SECOND AMENDED COMPLAINT                      6

16.

As a result of said personal injuries, Thomas Glenn has incurred approximately

$67,240.48 in medical expenses and will incur future medical expenses, will need future

medical treatment and will incur future care costs in an amount to be determined at trial.

17.

The injuries sustained by plaintiff are permanent.  Plaintiff's injuries have been

painful and will continue to be painful in the future.  They have interfered with and will

continue to interfere with his normal and usual activities.  For the above injuries, the

plaintiff should be awarded non-economic damages in an amount which a jury decides is

fair, but not to exceed $350,000.00.

18.

As a result of the injuries he sustained, the plaintiff has lost past wages of

approximately $57,360, the exact amount to be determined at trial.  Plaintiff continues to

lose wages of approximately $480 per week, and plaintiff will incur damages for future

impaired earning capacity, the exact amount to be determined at trial.

## V.

### THOMAS GLENN'S SECOND CLAIM FOR RELIEF
### (Battery - Excessive Force)

19.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

20.

Defendant City of Portland, through the actions of officer Matthews, intended to

cause and did cause offensive contact with Thomas Glenn and used excessive force by

SECOND AMENDED COMPLAINT                                                              7

grabbing him, throwing him from stairs to the ground below, driving knees into his back, and handcuffing him.

21.

Officer Matthews' conduct was intentional, nonconsensual, offensive, harmful, insulting and not justified.

22.

As a result of Officer Matthews' battery and excessive force, Thomas Glenn suffered personal injury consisting of the injuries alleged in paragraph 14(a)-(e).

23.

Plaintiff re-alleges paragraphs 15-18.

## VI.

### THOMAS GLENN'S THIRD CLAIM FOR RELIEF
### (False Arrest)
### Count I

24.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

25.

Defendant City of Portland, through the conduct of the Portland Police Bureau officers, intended to confine and did confine Thomas Glenn by arresting him for interfering with a peace officer and obstructing governmental administration and transporting him to the NE Portland precinct jail.

26.

Mr. Glenn was made aware of his confinement when he was physically taken to the ground by officer Matthews, placed in handcuffs, and told by officers he was under

arrest.

27.

The arrest and confinement of Mr. Glenn was unlawful because the officers did not have a factual basis to establish a probable cause to enter into Mr. Glenn's house and thereafter to arrest Mr. Glenn.

28.

As a result of the Portland Police Bureau officers' false arrest of Mr. Glenn, Thomas Glenn suffered personal injury consisting of the injuries alleged in paragraph 14(a)-(e).

29.

Plaintiff re-alleges paragraphs 15-18.

**(False Imprisonment)**
**Count II**

30.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

31.

Defendant City of Portland, through the conduct of the Portland Police Bureau officers, continued to confine and did confine Thomas Glenn by further detaining him at the NE Portland precinct jail for interfering with a peace officer and obstructing governmental administration.

32.

Mr. Glenn was made aware of his continued confinement when Portland Police Bureau officers refused to release him and issued him a citation for interfering with a peace officer and obstructing governmental administration.

SECOND AMENDED COMPLAINT                                                                    9

33.

The confinement of Mr. Glenn was unlawful because the officers did not have a

factual basis to form probable cause and detain Mr. Glenn.

34.

As a result of the Portland Police Bureau officers' false imprisonment of Mr.

Glenn, Thomas Glenn suffered stress, humiliation, anxiety, physical pain, embarrassment

inconvenience and loss of enjoyment of life.  For the above injuries, the plaintiff should

be awarded non-economic damages in an amount which a jury decides is fair, but not to

exceed $100,000.00.

## VII.

### THOMAS GLENN'S FOURTH CLAIM FOR RELIEF
### (Trespass - Unlawful Entry)
### Count I

35.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

36.

The defendant's intrusion, through the conduct of the Portland Police Bureau

officers, onto plaintiff Thomas Glenn's property and into his home was not authorized by

plaintiff, was without a search warrant and probable cause that a true emergency existed,

was intentional, and invaded and denied plaintiff's interest in the exclusive possession of

his property.  Defendant's entry onto plaintiff's property and into his home was unlawful

and in violation of plaintiff's Fourth Amendment rights and under Article I, Section 9 of

the Oregon Constitution, causing plaintiff economic damages as alleged in paragraphs 16

and 18.

SECOND AMENDED COMPLAINT                                                    10

37.

Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to his non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000.

**(Trespass - Unlawful Entry)**
**Count II**

38.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

39.

The defendant's intrusion, through the conduct of the Portland Police Bureau officers, in and onto the second floor of plaintiff Thomas Glenn's home was not authorized by plaintiff, was without a search warrant and probable cause that a true emergency existed, was intentional, and invaded and denied plaintiff's interest in the exclusive possession of his property.  Defendant's entry in and onto the second floor of plaintiff's home was unlawful and in violation of plaintiff's Fourth Amendment rights and under Article I, Section 9 of the Oregon Constitution, causing plaintiff economic damages as alleged in paragraphs 16 and 18.

40.

Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to his non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000.

///

///

///

SECOND AMENDED COMPLAINT                                                    11

## VIII.

**THOMAS GLENN'S FIFTH CLAIM FOR RELIEF**
**Violation of the Fourth Amendment - 42 U.S.C. § 1983**
**(Unreasonable Search and Seizure)**
**Count I**

41.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

42.

Defendant City of Portland violated plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment by authorizing and/or causing Portland Police Bureau officers to enter into plaintiff's home without a warrant and without probable cause under its policy relating to emergency entries and the community caretaking statute.

43.

Defendant City of Portland's policy regarding emergency entries and the community caretaking statute, which permits Portland Police Bureau officers entry into citizens' homes without a warrant, is unconstitutional on its face and/or the application of that policy by defendant was unconstitutional.

44.

The defendant's unreasonable entry and search, through the conduct of the Portland Police Bureau officers, onto plaintiff Thomas Glenn's property and into his home was not authorized by plaintiff, was without a search warrant and probable cause that a true emergency existed, was intentional, and invaded and denied plaintiff's interest in the right to be free from unreasonable search and seizure. Defendant's entry onto

SECOND AMENDED COMPLAINT                                                                 12

plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in paragraphs 16 and 18.

45.

Defendant's unreasonable entry, search and seizure has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to his non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000.

46.

Plaintiff also seeks his attorney's fees and litigation expenses and costs against defendant under 42 U.S.C. § 1988.

### Violation of the Fourth Amendment - 42 U.S.C. § 1983
### (Unreasonable Search and Seizure)
### Count II

47.

Plaintiff Thomas Glenn re-alleges paragraphs 1-10 as if fully set forth herein.

48.

Defendant City of Portland violated plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment by authorizing and/or causing Portland Police Bureau officers to search the second floor of plaintiff's home without a warrant and without probable cause under its policy relating to emergency entries and the community caretaking statute.

49.

Defendant City of Portland's policy regarding emergency entries and the community caretaking statute, which permits Portland Police Bureau officers entry and

SECOND AMENDED COMPLAINT                                                          13

subsequent searches into citizens' homes without a warrant, is unconstitutional on its face and/or the application of that policy by defendant was unconstitutional.

50.

The defendant's unreasonable entry and search, through the conduct of the Portland Police Bureau officers, of the second floor of plaintiff's home was not authorized by plaintiff, was without a search warrant and probable cause that a true emergency existed, was intentional, and invaded and denied plaintiff's interest in the right to be free from unreasonable search and seizure. Defendant's entry and search of the second floor of plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in paragraphs 16 and 18.

51.

Defendant's unreasonable entry, search and seizure has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to his non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000.

52.

Plaintiff also seeks his attorney's fees and litigation expenses and costs against defendant under 42 U.S.C. § 1988.

## IX.

### PATSY McKINNEY'S FIRST CLAIM FOR RELIEF
### (Negligence)

53.

Plaintiff Patsy McKinney re-alleges paragraphs 1-10 as if fully set forth herein.

///

SECOND AMENDED COMPLAINT                                                    14

54.

The occurrence of this event was a result of the negligence of defendant City of

Portland in the following particulars:

    a.  Failing to administer timely and appropriate Portland Police Bureau officer training with respect to warrantless searches and justification for use of force;

    b.  Allowing Portland Police Bureau officers to perform warrantless home searches without probable cause and consent of the homes residents;

    c.  Failing to adequately assess and ensure that Portland Police Bureau officers maintain sufficient competency to perform their duties.

55.

The City of Portland, through the actions and omissions of officers Matthews,

Jackson, Van Blokland and the other responding officers of the Portland Police Bureau,

was negligent in one or more of the following particulars:

    a.  By unlawfully entering plaintiffs' home without a search warrant, plaintiffs' consent, or exigent circumstances;

    b.  By slamming plaintiff Patsy McKinney against a wall without justification;

    c.  By using excessive force on plaintiff Patsy McKinney;

    d.  By failing to leave the premises after officers determined the occupants were safe;

    e.  By refusing to leave the premises when directed by plaintiff Thomas Glenn; and

    f.  By arresting Patsy McKinney without probable cause.

56.

As a result of the negligence of the defendant, and as a substantial factor and

legal cause thereof, plaintiff Patsy McKinney suffered the following injuries:

    a.  Acute cervical strain;

    b.  Left side hematoma of the scalp;

SECOND AMENDED COMPLAINT                15

c.    Chest wall strain and contusion; and

d.    Sprained right middle finger.

57.

Plaintiff's injuries have caused her to suffer the following symptoms and

conditions:

a.    Neck & head pain;

b.    Chest pain;

c.    Pain in the right middle finger

d.    Decreased range of motion and mobility in the right middle finger; and

e.    Headaches.

58.

As a result of said personal injuries, Patsy McKinney has incurred approximately

$418.16 in medical expenses.

59.

Plaintiff's injuries have been painful and they have interfered with her normal and

usual activities.  For the above injuries, the plaintiff should be awarded non-economic

damages in an amount which a jury decides is fair, but not to exceed $125,000.00.

## X.

### PATSY McKINNEY'S SECOND CLAIM FOR RELIEF
### (Battery - Excessive Force)

60.

Plaintiff Patsy McKinney re-alleges paragraphs 1-10 as if fully set forth herein.

///

///

SECOND AMENDED COMPLAINT                                                    16

61.

Defendant City of Portland, through the actions of Officer Van Blokland, intended to cause and did cause offensive contact with Patsy McKinney and used excessive force by grabbing her, slamming her chest and face against a wall, and handcuffing her.

62.

Officer Van Blokland's conduct was intentional, nonconsensual, offensive, harmful, insulting and not justified.

63.

As a result of Officer Van Blokland's battery and excessive force, Patsy McKinney suffered personal injury consisting of the injuries alleged in paragraph 56(a)-(d).

64.

Plaintiff re-alleges paragraphs 57-59.

## XI.

## PATSY McKINNEY'S THIRD CLAIM FOR RELIEF
## (False Arrest)

65.

Plaintiff Patsy McKinney re-alleges paragraphs 1-10 as if fully set forth herein.

66.

Defendant City of Portland, through the conduct of the Portland Police Bureau officers, intended to confine and did confine Patsy McKinney by physically restraining and handcuffing her in her home.

///

SECOND AMENDED COMPLAINT                                                    17

67.

Ms. McKinney was made aware of her confinement when she was physically pushed into a wall by Officer Van Blokland and placed in handcuffs.

68.

The arrest and confinement of Ms. McKinney was unlawful because the officers did not have a factual basis to establish a probable cause to enter into Ms. McKinney's house and thereafter to arrest Ms. McKinney.

69.

As a result of the Portland Police Bureau officers' false arrest of Ms. McKinney, Patsy McKinney suffered personal injury consisting of the injuries alleged in paragraph 56(a)-(d).

70.

Plaintiff re-alleges paragraphs 57-59.

## XII.

### PATSY McKINNEY'S FOURTH CLAIM FOR RELIEF
### (Trespass – Unlawful Entry)
### Count I

71.

Plaintiff Patsy McKinney re-alleges paragraphs 1-10 as if fully set forth herein.

72.

The defendant's intrusion, through the conduct of the Portland Police Bureau officers, onto plaintiff Patsy McKinney's property and into her home was not authorized by plaintiff, was without a search warrant and probable cause that a true emergency existed, was intentional, and invaded and denied plaintiff's interest in the exclusive

SECOND AMENDED COMPLAINT                                                      18

possession of her property.  Defendant's entry onto plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights and under Article I, Section 9 of the Oregon Constitution, causing plaintiff economic damages as alleged in paragraph 58.

73.

Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to her non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000.

### (Trespass - Unlawful Entry)
### Count II

74.

Plaintiff Patsy McKinney re-alleges paragraphs 1-10 as if fully set forth herein.

75.

The defendant's intrusion, through the conduct of the Portland Police Bureau officers, in and onto the second floor of plaintiff Patsy McKinney's home was not authorized by plaintiff, was without a search warrant and probable cause that a true emergency existed, was intentional, and invaded and denied plaintiff's interest in the exclusive possession of her property.  Defendant's entry in and onto the second floor of plaintiff's home was unlawful and in violation of plaintiff's Fourth Amendment rights and under Article I, Section 9 of the Oregon Constitution, causing plaintiff economic damages as alleged in paragraph 58.

76.

Defendant's trespass has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to her non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000.

SECOND AMENDED COMPLAINT                                                    19

## XIII.

### PATSY McKINNEY'S FIFTH CLAIM FOR RELIEF
### Violation of the Fourth Amendment - 42 U.S.C. § 1983
### (Unreasonable Search and Seizure)

77.

Plaintiff Patsy McKinney re-alleges paragraphs 1-10 as if fully set forth herein.

78.

Defendant City of Portland violated plaintiff's right to be free from unreasonable

search and seizure under the Fourth Amendment by authorizing and/or causing Portland

Police Bureau officers to enter into plaintiff's home without a warrant and without

probable cause under its policy relating to emergency entries and the community

caretaking statute.

79.

Defendant City of Portland's policy regarding emergency entries and the

community caretaking statute, which permits Portland Police Bureau officers entry into

citizens' homes without a warrant, is unconstitutional on its face and/or the application of

that policy by defendant was unconstitutional.

80.

The defendant's unreasonable entry and search, through the conduct of the

Portland Police Bureau officers, onto plaintiff Patsy McKinney's property and into her

home was not authorized by plaintiff, was without a search warrant and probable cause

that a true emergency existed, was intentional, and invaded and denied plaintiff's interest

in the right to be free from unreasonable search and seizure. Defendant's entry onto

SECOND AMENDED COMPLAINT                                                          20

plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in paragraph 58.

81.

Defendant's unreasonable entry, search and seizure has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to her non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000.

82.

Plaintiff also seeks her attorney's fees and litigation expenses and costs against defendant under 42 U.S.C. § 1988.

### Violation of the Fourth Amendment - 42 U.S.C. § 1983
### (Unreasonable Search and Seizure)
### Count II

83.

Plaintiff Patsy McKinney re-alleges paragraphs 1-10 as if fully set forth herein.

84.

Defendant City of Portland violated plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment by authorizing and/or causing Portland Police Bureau officers to search the second floor of plaintiff's home without a warrant and without probable cause under its policy relating to emergency entries and the community caretaking statute.

85.

Defendant City of Portland's policy regarding emergency entries and the community caretaking statute, which permits Portland Police Bureau officers entry and

subsequent searches into citizens' homes without a warrant, is unconstitutional on its face and/or the application of that policy by defendant was unconstitutional.

86.

The defendant's unreasonable entry and search, through the conduct of the Portland Police Bureau officers, of the second floor of plaintiff's home was not authorized by plaintiff, was without a search warrant and probable cause that a true emergency existed, was intentional, and invaded and denied plaintiff's interest in the right to be free from unreasonable search and seizure. Defendant's entry and search of the second floor of plaintiff's property was unlawful and in violation of plaintiff's Fourth Amendment rights, causing plaintiff economic damages as alleged in paragraph 58.

87.

Defendant's unreasonable entry, search and seizure has caused plaintiff mental suffering, annoyance, inconvenience, worry and alarm all to her non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000.

88.

Plaintiff also seeks her attorney's fees and litigation expenses and costs against defendant under 42 U.S.C. § 1988.

///

///

///

///

///

///

SECOND AMENDED COMPLAINT                                                      22

## XIV.

## PRAYER FOR RELIEF

89.

WHEREFORE, plaintiff Thomas Glenn prays for a judgment in his favor for non-economic damages in an amount which a jury decides is fair, but not to exceed $350,000, $67,240.48 in past medical expenses, approximately $57,360 in lost income, the exact amount to be determined at trial, and future medical expenses and future impaired earning capacity in an amount to be determined at trial, plus plaintiff's attorney's fees, litigation expenses, costs and disbursements incurred herein.

90.

WHEREFORE, plaintiff Patsy McKinney prays for a judgment in her favor for non-economic damages in an amount which a jury decides is fair, but not to exceed $125,000, $418.16  in past medical expenses, plus plaintiff's attorney's fees, litigation expenses, costs and disbursements incurred herein.

DATED this 6th day of May, 2011.


LAW OFFICES OF MICHAEL L. ROSENBAUM


By:    */s/ Travis J. Mayor*
       Michael L. Rosenbaum, OSB No. 760267
       Travis J. Mayor, OSB No. 053210
       Of Attorneys for Plaintiffs Thomas Glenn and
       Patsy McKinney
       Ph: (503) 288-8000
       Fx: (503) 288-8046


SECOND AMENDED COMPLAINT                                           23

**CERTIFICATE OF SERVICE**

I hereby certify that I served, on the date set forth below, the foregoing SECOND AMENDED

COMPLAINT AND STIPULATION ALLOWING SECOND AMENDED COMPLAINT via the

following method on:

> William Manlove III
> City Attorney's Office
> 1221 SW 4th Ave., Suite 430
> Portland, OR 97204
> William.Manlove@portlandoregon.gov

By electronic service via CM/ECF.

DATED this 6th day of May, 2011.


/s/ Travis J. Mayor
Travis J. Mayor

Page 1 – CERTIFICATE OF SERVICE