```
                UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF OREGON


THOMAS GLENN and PATSY

McKINNEY,

          Plaintiffs,

    vs.                              No.: 11-CV-00402-BR

CITY OF PORTLAND, a

public body,

          Defendant.



          DEPOSITION OF DOUGLAS L. MATTHEWS

            Wednesday, August 24, 2011

          Taken on behalf of the Plaintiffs


BE IT REMEMBERED THAT, pursuant to the Civil Rules

of Procedure, the deposition of DOUGLAS L. MATTHEWS

was taken before Phillip A. Rader, a Notary Public

for the State of Oregon, on August 24, 2011,

commencing at the hour of 9:00 a.m.; the proceedings

being reported at the Office of the City Attorney,

1221 S.W. 4th Avenue, Suite 430, Portland, Oregon

97204.
```

Exhibit 3
Page 1 of 6

Douglas L. Mathews

Page 4

```
 1            PORTLAND, OREGON; WEDNESDAY, AUGUST 24, 2011
 2                            9:00 A.M.
 3
 4   DOUGLAS L. MATTHEWS,
 5   having first been duly sworn, was examined
 6   and testified as follows:
 7                          EXAMINATION
 8   BY MR. MAYOR:
 9       Q.   Officer Matthews, will you state your full
10   name for the record and spell it, please.
11       A.   Douglas Lon Matthews, D-O-U-G-L-A-S, L-O-N,
12   M-A-T-T-H-E-W-S.
13       Q.   Thank you.  Officer Matthews, my name is
14   Travis Mayor and I represent Thomas Glenn and Patsy
15   McKinney in this lawsuit they brought against the
16   City of Portland.  Today is the time for your
17   deposition.
18            Have you ever had your deposition taken
19   before?
20       A.   No.
21       Q.   In that case, I'll go over a few basic ground
22   rules.
23            As you can see, there's a court reporter
24   here and he's taking down everything we say.  So
25   unlike normal conversation, we have to wait until
```

Douglas L. Mathews
Page 8

```
1     A.   Yesterday I did, yes.
2     Q.   Okay.  Have you done anything else to prepare
3   for today's deposition?
4     A.   Such as?
5     Q.   Anything other than what you've told me.
6     A.   No.
7     Q.   What's your date of birth?
8     A.   I don't -- I don't think that's relevant.  I
9   don't want to give my date of birth.  I'd be happy
10  to tell you what my age is, though.
11    Q.   For the record, you don't get to pick and
12  choose what you answer today.
13    A.   I'm not going to tell you what my date of
14  birth is.
15    Q.   So you're refusing to tell me your date of
16  birth?
17    A.   Yes.
18    Q.   What's your age?
19    A.   I'm 41.
20    Q.   Are you currently employed?
21    A.   Yes.
22    Q.   Who is your employer?
23    A.   The City of Portland.
24    Q.   Occupation?
25    A.   Police officer.
```

www.synergy-legal.com          Exhibit 3                August 24, 2011
                              Page 3 of 6

Douglas L. Mathews

Page 34

```
 1              MR. MANLOVE:  Just a second.
 2   BY MR. MAYOR:
 3      Q.   So I'll repeat.  Under your understanding of
 4   the policy, if you believe any type of harm might
 5   happen to a person, does the policy allow you to
 6   make a warrantless entry into somebody's home?
 7      A.   Any type of harm?
 8      Q.   Right.
 9      A.   Could you be more specific?
10      Q.   Any type of harm.
11      A.   If somebody pricked their finger, no, I can't
12   make a warrantless entry.  If a toddler fell down
13   the stairs and sprained their ankle, I can't make a
14   warrantless entry.  But if it's a situation where
15   somebody could be injured severely, you know, then I
16   can.
17      Q.   Okay.  Does it have to be life-threatening?
18      A.   Well, that's hard to say.  Any type of
19   serious physical injury in my mind could be
20   life-threatening.
21      Q.   The Emergency Entries Policy, is this an
22   exception to the warrant requirement?
23      A.   Yes.
24      Q.   Prior to the date of this incident, had you
25   received training in making searches under the
```

www.synergy-legal.com       Exhibit 3       August 24, 2011
                            Page 4 of 6

Douglas L. Mathews

Page 93

```
 1     Q.   Do you have any other facts that you
 2   observed, either you heard or that you saw, that led
 3   you to believe that somebody's life was in danger or
 4   somebody needed emergency assistance, other than
 5   what you just told me?
 6     A.   No.
 7     Q.   Was your entry into Mr. Glenn's and Ms.
 8   McKinney's residence under these circumstances
 9   pursuant to the Portland Police Bureau's Emergency
10   Entries Policy?
11     A.   Yes.
12     Q.   Was your entry into the residence under the
13   Emergency Entries Policy in accordance with your
14   training under that policy?
15     A.   Yes.
16     Q.   I apologize if I asked this already.
17          How long did you negotiate with Mr.
18   Glenn and Ms. McKinney prior to actually crossing
19   the threshold?
20          MR. MANLOVE:  Objection.  Asked and
21   answered.
22          But go ahead.
23     A.   Looking at the report from last night, I know
24   we got the call at about 9:01 a.m.  And we came out
25   on the air and said that Mr. -- we took Mr. Glenn
```

www.synergy-legal.com          Exhibit 3
                               Page 5 of 6          August 24, 2011

# REPORTER CERTIFICATE

I, Phillip A. Rader, do hereby certify by pursuant to the Rules of Civil Procedure, the witness named herein appeared before me at the time and place set forth in the caption herein; that at the said time and place, I reported in stenotype all testimony adduced and other oral proceedings had in the foregoing matter; and that the foregoing transcript pages constitute a full, true and correct record of such testimony adduced and oral proceeding had and of the whole thereof.

In WITNESS HEREOF; I have here unto set my hand this

_____24th_____ day of _____August_____ 2011.


_____Phillip A. Rader_____   _____March 18, 2014_____
        Reporter Signature              Commission Expiration



OFFICIAL SEAL
PHILLIP A RADER
NOTARY PUBLIC-OREGON
COMMISSION NO. 446541
MY COMMISSION EXPIRES MARCH 18, 2014

Exhibit 3
Page 6 of 6