IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS GLENN and PATSY
McKINNEY,

        Plaintiffs,                              No. 3:11-cv-00402-MO

      v.                               OPINION AND ORDER

CITY OF PORTLAND, a public
body,

        Defendant.

MOSMAN, J.,

        Defendant City of Portland prevailed in this matter, entitling it to seek costs as authorized

by 28 U.S.C. § 1920, Local Rule 54-1, and Federal Rule of Civil Procedure 54.  The City seeks

$12,509.34 in costs.  Because I believe a cost award might chill future civil rights litigation in

similar cases and I find that plaintiffs have modest means and would be unable to afford the costs

claimed, I decline to award costs in this case.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiffs Thomas Glenn and Patsy McKinney each brought claims under 42 U.S. C. § 1983 for unlawful entry and search of their Northeast Portland home pursuant to the Portland Police Bureau's policy regarding emergency entries.  They also brought state claims for trespass, battery for using excessive force, and false arrest. Mr. Glenn brought an additional claim for false imprisonment.  (Third Amd. Compl. [26].) The City denied that Portland Police officers acted wrongly or inappropriately, and denied that the Portland Police Bureau's policy regarding emergency entries is unconstitutional either on its face or as applied to Mr. Glenn and Ms. McKinney.  The City also raised several affirmative defenses.  (Trial Mem. [66] at 7.)

## LEGAL STANDARD

Federal Rule of Civil Procedure "54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920. The court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990)).

Where a district court declines to award costs, it must explain "why, in the circumstances, it would be inappropriate or inequitable to award costs." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000).  It is not uncommon for district courts to decline to award costs to prevailing defendants in civil rights cases to prevent discouraging citizens from

bringing meritorious, if ultimately unsuccessful, civil rights actions. *See, e.g., id.* The amount of costs at issue and the financial means of the particular civil rights litigant are important to this analysis because the underlying concern is that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Stanley*, 178 F.3d at 1080. Thus, in determining whether a cost award might chill future civil rights litigation, a court should consider the plaintiff's financial resources and also the amount of costs at issue. *See id.* at 1079.

## DISCUSSION

After a trial, the parties agreed to accept a partial verdict [126]. The jury was unable to reach a decision on Mr. Glenn's battery claim. The City prevailed on all other claims. But that verdict was far from obvious. Much depended on the jury's credibility determinations and the interpretation of the evidence. Some of the applicable laws required the jury to engage in a fact-specific, objective reasonableness inquiry. (*See* Resp. Renewed JMOL [136] at 6 (arguing that "the case law surrounding emergency entries emphasizes the fact-specific nature of the objective reasonableness inquiry.").) Although plaintiffs were ultimately unsuccessful, I decline to award costs to avoid discouraging similarly situated citizens from bringing such claims in the future.

The financial means of these particular plaintiffs and the costs at issue support this conclusion. Each plaintiff filed an affidavit stating his or her sole source of income is disability income from the Social Security Administration. They use their monthly allotments to pay for food, shelter, clothing, utilities, and personal expenses. They do not have savings or investments. (Glenn Aff. [134] ¶ 3; McKinney Aff. [135] ¶ 3.) The City does not dispute these assertions. Instead, it takes issue with several of the other reasons that plaintiffs assert as grounds for not awarding costs. (Reply [138] 1–3.) I need not reach these concerns as I am

3 – OPINION AND ORDER

persuaded that these particular plaintiffs depend on their monthly disability income to pay their

expenses and are of limited financial means.

The City seeks $12,509.34 in costs [130] in this case.  The majority of the costs were

incurred as fees for printed or electronically recorded transcripts and fees for exemplification and

the costs of making copies.  Although I do not decide whether each of the claimed costs are

authorized by 28 U.S.C. § 1920, I note that the total costs claimed and the basis of those costs are

not outside the ordinary of what I would expect to see a party seek in a case such as this one.

Nevertheless, $12,509.34 is a substantial sum to assess against these plaintiffs.  Plaintiffs have a

combined income of less than $2,000 per month, meaning these costs represent more than half of

their yearly income. (Glenn Aff. [134] ¶ 3; McKinney Aff. [135] ¶ 3.)

## CONCLUSION

For the reasons stated above, I decline to award costs. Therefore, the City's Bill of Costs

[130] is DENIED.

IT IS SO ORDERED.

DATED this __22nd__ day of July, 2013.

/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Judge

4 – OPINION AND ORDER